**BENNETT, Plaintiff-Appellee, v. DAYTON MEMORIAL PARK AND CEMETERY ASSOCIATION et al, Defendants-Appellees, WALKER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2070.   Decided March 16, 1950.

Howard P. Williamson, Dayton, for plaintiff-appellee.

Cowden, Pfarrer & Crew, Dayton, for The Winters National Bank & Trust Co., Defendant-Appellee.

Myers, Mills, Boesch & Cline, Dayton, for George R. Walker, Appellant.

## OPINION

By WISEMAN, J:

Submitted on motion of the defendant, The Winters National Bank and Trust Company of Dayton, to strike from the files the bill of exceptions heretofore filed by George R. Walker, defendant-appellant, on three grounds:

First, the bill of exceptions was not allowed and signed by the Referee and returned with his report to the Common Pleas Court, as required by law.

Second, the bill of exceptions was not allowed and signed by the Referee within the time required by law.

Third, the bill of exceptions was not before the Common Pleas Court at the time of the entry of judgment on the report of the Referee from which judgment this appeal is taken.

The transcript of the docket and journal entries shows that the Referee was appointed July 3, 1943, and that the Referee, after extended hearings, filed with the trial court a report of separate findings of fact and conclusions of law on February 6, 1948. To the report of the Referee the appellant, George R. Walker, filed a motion for a new trial and exceptions, which were overruled in December, 1948. On July 1, 1949, the Court of Common Pleas rendered final judgment on the report of the Referee. From this judgment the appeal is taken.

The appeal of George R. Walker was dismissed as an appeal on questions of law and fact and retained as an appeal on questions of law in an entry filed in this Court on November 25, 1949. In this entry, in compliance with the provisions of §11564 GC, thirty days from the date of the entry was fixed as the time within which to file a bill of exceptions. The bill of exceptions was filed in the trial court on December 13, 1949, and was later signed and approved by both the Referee and the trial judge. The bill was filed in this Court on December 27, 1949.

In the entry appointing the Referee the court ordered the Referee to have the testimony of the witnesses reduced to writing, but did not require the Referee to report the testimony to the trial court. The failure of the Referee to file a bill of exceptions with his report may be due to the fact that the order appointing the Referee did not expressly require it. However, whether the order of the trial court required it or not, the statutory requirements must be met before the bill may be regarded as a valid bill and one which may be considered by this Court.

Is the bill properly before this Court, and may the Court consider it in determining the issues raised by this appeal? When a matter is referred the proper procedure to be followed by the Referee with respect to a bill of exceptions is set forth in §11484 GC, which provides:

"The referees shall sign any true exceptions taken to an order or decision by them made in the case, and return it with their report to the court which made the reference."

In the instant case the bill of exceptions was not returned by the Referee with his report to the court. The bill was not returned to the court until six months after final judgment was rendered. Manifestly, the contents of the bill were never before the trial court before final judgment was entered. The court was confined to a consideration of the report of findings of fact and conclusions of law of the Referee. The court

was required to accept the facts found by the Referee and determine whether, on the basis of the facts found, the Referee had properly applied the law in arriving at his decision.

Appellant contends that the trial court considered the evidence taken before the Referee. Whether the trial court was informed as to certain items of evidence is not disclosed by the record. The record shows clearly and conclusively that the bill was not before the court prior to entering final judgment. Moreover, the judgment entry of the trial court recites that the matter was submitted to the court on the report of the Referee. The Referee's report is a part of the record and will be considered by this Court.

It is axiomatic that in an appeal on questions of law the reviewing court may consider only that which was considered by the trial court and nothing more. **Vol. 2, O. Jur., Part 1, page 296.** Inasmuch as the trial court did not have before it the bill of exceptions and could not have considered its contents, this Court may not consider it. A reviewing court may not consider the contents of a bill of exceptions filed by the Referee when it appears that the bill was not returned to the trial court until after final judgment was rendered by the trial court on the report of the Referee. The record in this case shows clearly the underlying reason for the statutory requirement that the Referee return the bill of exceptions to the court with his report; otherwise the court may only consider the report of the Referee in rendering final judgment and, in that event, it necessarily follows that the reviewing court may consider only the report of the Referee in reviewing the final judgment.

We find no reported case in Ohio deciding this precise question. However, a few cases are reported which are helpful in determining the questions presented. In **State, ex rel Klorer v. Fimple, Judge, 91 Oh St 99, 110 N. E. 253**, which was a mandamus action, the relatrix sought an order requiring the trial judge to allow and sign a bill of exceptions in a matter which had been referred. No bill of exceptions was returned by the Referee. The court held that only the Referee could allow a bill of exceptions. On Page 102 the court discusses the effect of the failure of the Referee to file a bill:

"The only provision for a bill of exceptions in cases so tried is in §11484 GC, that 'The referees shall sign any true exceptions taken to an order or decision by them made in the case, and return it with their report to the court.' **This**

provision is obviously necessary to bring before the court questions arising before a referee who reports only his conclusions of fact and law, his conclusions of fact having the effect of a special verdict, for in such case without a bill signed by him neither the propriety of his procedure nor the correctness of his conclusions of fact could be determined by the court." (Emphasis ours.)

Again, on page 102, the court stated:

"The function of a bill of exceptions is to bring upon the record matters material to further judicial inquiry which would not otherwise appear. The trial judge here naturally and properly answers that he has no personal knowledge respecting the proceedings before the referee. For information upon that subject he was confined to the referee's report. That report was before him as the sole basis of his action in overruling exceptions and in rendering judgment. It is equally available to the court of appeals. It is to be observed that in this case the report of the referee was confirmed and judgment rendered upon it and upon it alone. There could, therefore, have been no evidence whatever before the court of common pleas that was not embraced in the report of the referee, already a part of the record." (Emphasis ours.)

In **Milling Co. v. Slosser, 140 Oh St 445, 45 N. E. (2d) 306,** the above case was cited with approval.

In Bryan v. Woodmansee, 25 C. C. N. S. 481, the bill of exceptions was signed by the trial judge but not by the Referee. A motion to strike the bill of exceptions from the files was sustained on the ground that the bill should have been allowed by the Referee. See also Guthrie and Sons v. The Angosta Milling Company, 17 C. C. 256, holding that the bill must be allowed by the Referee.

Since the bill must be allowed by the Referee and not by the trial court, the fact that the bill in the instant case was signed and approved by the trial judge has no legal significance. The bill was finally allowed and signed by the Referee. But the fault lies in the fact that it was not allowed and returned seasonably with the report to the trial court and in time to be considered by the trial court. The order of this Court fixing the time within which a bill of exceptions may be filed did not assume that a legal bill of exceptions was obtainable. If the Referee had filed a bill with his report, as the statute requires, the trial court

then would have had the questions raised therein before it before rendering a final judgment and a bill of exceptions would now be obtainable and could be considered by this Court.

The proper procedure to be followed by the Referee in such matters is stated in Fields v. Jones, 26 N. P. N. S. 445.

In **Vol. 35, O. Jur., 135, Section 51,** it is stated that:

"The bill of exceptions must be filed with the Referee's report, and not afterwards."

Motion to strike the bill of exceptions from the files is hereby sustained.

MILLER, PJ, and HORNBECK, J, concur.