DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Huron County Court of Common Pleas which granted appellee, David Whyde dba Downtown Mini Storage ("Downtown Mini Storage"), summary judgment and dismissed appellants' complaint. For the reasons set forth below, the judgment of the trial court is affirmed.
{¶ 2} On appeal, appellant set forth the following four assignments of error:
{¶ 3} "I. The trial court erred in granting summary judgment to the appellee [sic] on the basis of the lease terms where appellant Rosemary Kolanda did not sign the lease.
{¶ 4} "II. The trial court erred in granting summary judgment where the defendants failed to meet their initial burden and relied upon documents not properly incorporated in affidavit format.
{¶ 5} "III. The trial court erred in granting summary judgment where issues of fact existed.
{¶ 6} "IV. The trial erred in granting summary judgment where plaintiffs' complaint stated all of the essential elements of negligence."
{¶ 7} The following undisputed facts are relevant to the issues raised on appeal. On October 1, 1992, Robert Kolanda executed a lease with appellee for use of a storage unit. Appellants, Robert and Rosemary Kolanda, stored various personal items in the storage unit. On November 13, 2002, the storage facility was damaged in an arson fire. The unit leased to Robert Kolanda was among those damaged in the fire. The personal property stored in the unit sustained damage. Appellants' possessions stored in the unit were privately insured at the time of the incident, in conformity with the terms of the lease.
{¶ 8} Appellants filed their complaint on November 12, 2003. Appellants alleged negligence against appellees and intentional torts by the unidentified arsonist. Appellees filed for summary judgment on August 25, 2004. Appellants responded in opposition on September 9, 2004. The trial court granted summary judgment to appellees on September 30, 2004. On October 21, 2004, appellants voluntarily dismissed their complaint against the "John Doe" arsonist and simultaneously filed a timely notice of appeal.
{¶ 9} We note at the outset an appellate court reviews the trial court's granting of summary judgment de novo, applying the same standard used at the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence must strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C).
{¶ 10} In their first assignment of error, appellants assert that the trial court erred in granting summary judgment to appellees because the lease agreement for the storage unit was executed solely by Robert Kolanda. His wife, Rosemary, did not execute the lease.
{¶ 11} In support, appellants cite McSweeney v. Jackson (1996),117 Ohio App.3d 623. Appellants summarily conclude that a marital relationship does not automatically constitute an agency relationship. Appellants fail to establish a relevant nexus between this assertion in support of the assignment of error.
{¶ 12} McSweeney pertained to an oral agreement to sell five building lots owned by a married couple. The husband dealt simultaneously with multiple prospective purchasers and engaged in oral negotiations. His wife was not involved in the discussions. The discussions were never reduced to writing.
{¶ 13} The trial court concluded an agency relationship existed and ordered specific performance of the oral real estate sales agreement. TheMcSweeney ruling was affirmed by the appellate court. McSweeney involved specific performance of an oral agreement to sell property. This case is fundamentally distinguishable from, and immaterial to, the written storage unit lease agreement under review.
{¶ 14} The fundamental issue in this case is the validity of an exculpatory clause contained in the lease. This provision clearly and unambiguously states in relevant part, "The lease agreement is made on the express condition that Lessor shall be free from all liability and claims for damages by reason of injuries of any kind to any persons, including Lessee or any property of any kind whatsoever and to whomsoeverbelonging, including Lessee, from any cause or causes whatsoever while in, upon, or in any way connected with the premises, during the term of this lease agreement or any extension thereof or any occupancy there under. Lessee hereby agrees to save and hold Lessor harmless of any liability, loss, cost, or obligation on account of or rising out of anysuch injuries or losses however occurring. Lessee shall, at his sole expense, maintain his own insurance on the property stored on the premises, and lessor shall not be responsible for theft or damage, if any, to such property caused by fire, water, or from any cause whatsoever." Such exculpatory clauses in lease agreements are valid absent a showing of unconscionablity or ambiguity. Orlett v. BurbonPropane (1989), 54 Ohio App.3d 127, 128.
{¶ 15} This court has reviewed section six of the lease agreement and finds the language is clear, valid, and enforceable. Given the validity of the exculpatory clause, Rosemary Kolanda's signature is irrelevant. Pursuant to the express language of the exculpatory clause, even if Rosemary Kolanda had executed the lease agreement, the lessor would not be liable. Appellants' first assignment of error is not well-taken.
{¶ 16} In their second assignment of error, appellants assert that the trial court erred in granting summary judgment because the trial court relied upon allegedly improper forms of evidence. In support, appellants claim that exhibit A (the underlying Lease Agreement) is not a Civ.R. 56 form of evidence. Appellants contend it was not proper for the trial court to consider exhibit A in reaching its summary judgment decision.
{¶ 17} The record establishes that exhibit A was initially presented to the court for its consideration when attached by appellants as an exhibit to their complaint. Appellants were presented with requests for admissions during discovery. Appellants were expressly asked to admit or deny that exhibit A is applicable to this case. The request was admitted.
{¶ 18} Civ.R. 56 (C) defines the types of evidence which may be considered in summary judgment. This rule states, "summary judgment shall be rendered forth with if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Exhibit A is part of the pleadings. Appellants attached it to their complaint and submitted it to the court. Its applicability was confirmed in discovery. Exhibit A clearly falls within Civ.R. 56 (C). It was properly considered by the trial court. There was no breach of Civ.R. 56 (C). Appellants' second assignment of error is not well-taken.
{¶ 19} In appellants' third assignment of error, appellants contend that the trial court erred in granting summary judgment because issues of fact exist. In support, appellants claim that there are two issues of fact which bar summary judgment. First, appellants claim, "whether Robert Kolanda was Rosemary Kolanda's agent by implication is necessarily a question of fact." Appellants again rely upon the McSweeney ruling. As previously determined, issues arising from Rosemary Kolanda are wholly immaterial. There is a valid exculpatory clause extinguishing liability by the lessor regardless of the dynamics of the lessee(s).
{¶ 20} Appellants next assert there is a material issue of fact regarding forseeability. The exculpatory clause in the lease extinguishesduty on the part of the lessor. Given the lack of duty of the lessor, issues of forseeability are moot. Appellants third assignment of error is not well-taken.
{¶ 21} Appellants' fourth assignment of error asserts the trial court erred in granting summary judgment because the complaint contained all necessary elements of negligence. In support, appellants again raise the issue of forseeability.
{¶ 22} This argument fails to recognize that the legitimacy of the allegations is dependent upon the legitimacy of the exculpatory clause. This valid and enforceable exculpatory clause eviscerates negligence claims. Appellees owed no such duty. Forseeability is rendered moot. Appellants' fourth assignment of error is not well-taken.
{¶ 23} Upon consideration whereof, this court finds no genuine issues of material fact remain, and after considering the evidence presented in the light most favorable to appellants, appellees are entitled to summary judgment as a matter of law. The judgment of the Huron County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal for which sum judgment is rendered against appellants on behalf of Huron County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.