[Cite as *Hopkins v. Car Go Self Storage*, 2019-Ohio-1793.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Yvette Hopkins, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-715 |
| | | (C.P.C. No. 17CV-7944) |
| Car Go Self Storage, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 9, 2019

**On brief***:  Yvette Hopkins*, pro se.  **Argued:**  *Yvette Hopkins.*

**On brief:**  *Onda, LaBuhn, Rankin & Boggs Co., LPA, Timothy S. Rankin* and *John P. Miller*, for appellee.  **Argued:** *John P. Miller.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1}  Plaintiff-appellant, Yvette Hopkins, appeals a decision of the Franklin County Court of Common Pleas which granted summary judgment to the defendant-appellee, Car Go Self Storage, on appellant's claims against it.  For the reasons that follow, we affirm the trial court's judgment.

I.  **FACTS AND PROCEDURAL HISTORY**

{¶ 2}  Construing the evidence most strongly in appellant's favor, the underlying facts are as follows.  Appellant entered into a lease agreement with appellee on April 20, 2015 for the purpose of renting a storage unit.  That lease agreement included the following provision:

> No bailment is created expressly or implied hereby and Owner assumes no responsibility for any loss or damage to the contents stored in the leased space described herein.  Occupant is responsible for securing and paying for any insurance

coverage on property in the leased space, and further agrees to accept the responsibility of placing wood strips under cardboard boxes, furniture and other items that could be damaged by dampness; and also, to place Decon Tablets (or similar) for protection against rodents. Owner shall not be liable to occupant or to Occupant's employees, patrons, visitors or licensees for any damage to persons or property caused by the negligent act or omission of any other tenant of the building or buildings of which the unit is a part, or due to the unit being or becoming out of repair, nor for any damages from the want of repair of any part of the building of which the unit i[s] a part. Occupant accepts the unit as suitable for the purpose for which leased and accepts the unit and each and every appurtenance thereof and waives patent and latent defects therein, accepts the premises "as is" and agrees to indemnify and hold Owner harmless for all claims for any such damage. Owner assumes no liability for any loss or damage incurred by Occupant; however, in the event Owner is found to be grossly negligent or intentionally at fault, the Owner's liability shall not exceed the sum of fifty and no/100 ($50.00) Dollars, which sum shall represent Occupant's liquidated damages. Owner shall not be liable for loss or damage resulting from failure, interruption or malfunction of utilities, appliances or fixtures, if any provided to Occupant under the terms of this Agreement.

(Contract at ¶ 2.)

{¶ 3} Shortly after signing the agreement, appellant moved her personal belongings, including furniture, into the unit. She contends that it was dry the day her belongings were moved into the facility, and she put her furniture onto pallets so that her belongings would be elevated off the ground. Appellant alleges that she discovered that her items were covered in mold when she retrieved them or had them retrieved by movers. She contends that her belongings were in storage until August 11, 2015. (*See* Appellant's response to Interrogatory 3, attached to Appellee's Mot. for Summ. Jgmt. at Ex. B.) She alleges that there was a water leak that allowed water into the unit, causing the mold, and appellee refuses to take responsibility for the damage to her personal belongings. She contends that she identified the water leak on August 11, 2015. (*See* Appellant's response to Requests for Admission No. 9, attached to Appellee's Mot. for Summ. Jgmt. at Ex. C.)

{¶ 4} Appellant filed her complaint on September 2, 2017, alleging claims for breach of contract, negligence, and conversion.

{¶ 5} Appellee moved for summary judgment on all of appellant's claims. Appellee supported its motion with the parties' contract and appellant's responses to interrogatories and requests for admission. Appellant did not respond to the summary judgment motion.

{¶ 6} The trial court granted appellee's motion for summary judgment on all of appellant's claims. The trial court found that appellant's contract claim was barred by the broad waiver she signed when she rented the unit; her negligence claim was barred by the two-year statute of limitations; and her conversion claim failed because she admitted that she was not prevented from taking/recovering her property.

{¶ 7} Appellant appeals that decision. Although she did not assert any specific assignments of error, she "moves for relief from final judgment rendered in this case on date of June 12, 2018, pursuant to Civil Rule 60(B)." (Appellant's Brief at 10.) Appellant filed a number of "exhibits" with her merit brief, including unverified pictures, receipts, a list of possible symptoms of mold exposure from an unknown source, a letter purporting to be from appellee's president, unverified e-mails from a person associated with the attorney general's office, a letter purporting to be from someone in the attorney general's consumer protection division, several news articles, copies of code sections, documents that appear to be related to appellant's employment, and other documents of unknown origin or relevance.

## II. STANDARD OF REVIEW

{¶ 8} An appellate court reviews a trial court's decision to grant summary judgment under a de novo standard. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 19. "When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination." *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12. Although appellant refers to Civ.R. 60(B) in her appellate brief, that provision applies to motions for relief from judgment filed in the trial court. It does not provide a basis for reversing the trial court's judgment on appeal. Rather, this de novo standard of review applies to our consideration of the trial court's decision to grant appellee's motion for summary judgment.

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997); *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 30.

{¶ 10} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991); *You v. Northeast Ohio Med. Univ.*, 10th Dist. No. 17AP-426, 2018-Ohio-4838, ¶ 16-17. The nonmoving party may not rest on the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows the existence of a genuine issue of material fact. *Henkle* at 735.

{¶ 11} At the outset, we note that although appellant attached numerous unverified documents to her appellate brief here, this court cannot consider those documents in deciding whether appellee was entitled to summary judgment. As this court has recognized:

> "Appellate review is limited to the record as it existed at the time the trial court rendered judgment." *Fifth Third Mtge. Co. v. Salahuddin*, 10th Dist. No. 13AP-945, 2014-Ohio-3304, ¶ 13; accord *Guernsey Bank v. Milano Sports Ents., L.L.C.*, 177 Ohio App. 3d 314, 2008-Ohio-2420, ¶ 30, 894 N.E.2d 715 (10th Dist.) ("When reviewing a ruling on summary judgment, an appellate court restricts its consideration to 'the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion.' "). An

> appellate court cannot consider evidence that a party adds to the trial court record after judgment and then decide an appeal of that judgment based on the new evidence. *Salahuddin* at ¶ 13; *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13. This prohibition arises from the maxim that " 'in an appeal on questions of law the reviewing court may consider only that which was considered by the trial court and nothing more.' " *State v. Ishmail*, 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978), quoting *Bennett v. Dayton Mem. Park & Cemetery Assn.*, 88 Ohio App. 98, 101, 57 Ohio Law Abs. 77, 93 N.E.2d 714 (2d Dist.1950).

*Clemens v. Nelson Fin. Group, Inc.*, 10th Dist. No. 14AP-537, 2015-Ohio-1232, ¶ 24. Accordingly, we must consider only the evidence that was properly before the trial court when in granted the motion for summary judgment.

## III. LEGAL ANALYSIS

### A. Appellant's Breach of Contract Claim is Barred by the Terms of the Contract

{¶ 12} Appellant asserted a breach of contract claim against appellee in which she alleges that the parties' contract contained "an implied warranty that the unit was fit and habitable for storage of property." (Sept. 2, 2017 Compl. at ¶ 30.)

{¶ 13} To succeed on a breach of contract claim, a plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his obligations under the contract; (3) the defendant breached his obligations; and (4) damages resulted from this breach. *O'Brien v. Ohio State Univ.*, 10th Dist. No. 06AP-946, 2007-Ohio-4833, ¶ 44, citing *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 18 (10th Dist.2002). " '[B]reach,' as applied to contracts is defined as a failure without legal excuse to perform any promise which forms a whole or part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence." *Natl. City Bank of Cleveland v. Erskine & Sons, Inc.*, 158 Ohio St. 450 (1953), paragraph one of the syllabus.

{¶ 14} When construing the terms of a contract, including the duties owed under the contract, a court's principal objective is to determine the intent of the parties. *Cleveland Constr., Inc. v. Kent State Univ.*, 10th Dist. No. 09AP-822, 2010-Ohio-2906, ¶ 29. To this end, "[a] court must presume that the intent of the parties resides in the language that they used in the contract." *Id.* "In determining the intent of the parties, the court must read the contract as a whole and give effect to every part of the contract, if possible." *Beasley v.*

*Monoko, Inc.*, 195 Ohio App.3d 93, 2011-Ohio-3995, ¶ 30 (10th Dist.), citing *Clark v. Humes*, 10th Dist. No. 06AP-1202, 2008-Ohio-640. If the court can determine the parties' intent from the plain language of the contract, then the court must apply that language as written and refrain from further contract interpretation. *Cleveland Constr.* at ¶ 29. "[C]ourts cannot decide cases of contractual interpretation on that basis of what is just or equitable." *Id.* at ¶ 31, citing *N. Buckeye Edn. Council Group Health Benefits Plan v. Lawson*, 103 Ohio St.3d 188, 2004-Ohio-4886, ¶ 20.

{¶ 15} Generally, implied warranties may be disclaimed by contract. *See Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 19 Ohio St.3d 93 (1985) (implied warranties can be disclaimed by the terms of the sales contract); *Buskirk v. Harrell*, 4th Dist. Pickaway No. 99CA31, 2000 Ohio App. LEXIS 3100, *10 (June 28, 2000) ("implied warranties may also be effectively disclaimed by 'as is' language in a sales contract"). Likewise, exculpatory clauses in lease agreements are generally valid absent a showing of unconscionability or ambiguity. *See Conkey v. Eldridge*, 10th Dist. Franklin No. 98AP-1628, 1999 Ohio App. LEXIS 5635, *15-16 (Dec. 2, 1999); *Orlett v. Suburban Propane*, 54 Ohio App.3d 127 (12th Dist.1989). "Such exculpatory clauses are to be strictly construed against the drafter unless the language is clear and unequivocal." *Conkey* at *15.

{¶ 16} In *Conkey*, the plaintiffs brought an action against the owner of a storage facility after their trailer, containing a car and race equipment, was stolen from space they were leasing. The parties' rental contract contained a provision titled "Exclusion Of All Warranties," which disclaimed all warranties, including implied warranties. *Conkey* at *14-15. It also contained a broad provision whereby the lessee released the owner from any liability for property damage for any reason. *Id.* at *14. We affirmed the trial court's decision to grant summary judgment to the owner of the storage facility, finding that the exculpatory language in the parties' contract was valid and enforceable and precluding the plaintiffs from maintaining their action. Likewise, in *Kolanda v. Whyde*, 6th Dist. No. H-04-038, 2005-Ohio-3599, ¶ 14, the broad exculpatory clause in the parties' storage rental agreement was clear, valid, and enforceable such that it precluded the owners from being liable for fire damage to the renter's property.

{¶ 17} The agreement in *Kolanda* stated:

> The lease agreement is made on the express condition that *Lessor shall be free from all liability* and claims for damages

> by reason of injuries of any kind to any persons, including Lessee or *any property of any kind whatsoever and to whomsoever belonging*, including Lessee, *from any cause or causes whatsoever* while in, upon, or in any way connected with the premises, during the term of this lease agreement or any extension thereof or any occupancy there under. Lessee hereby agrees to save and hold Lessor harmless of any liability, loss, cost, or obligation on account of or rising out of *any such injuries or losses however occurring*. Lessee shall, at his sole expense, maintain his own insurance on the property stored on the premises, and lessor shall not be responsible for theft or damage, if any, to such property caused by fire, water, or from any cause whatsoever.

(Emphasis sic.) *Id.* at ¶ 14.

{¶ 18} Here, the parties' contract contains a broad exculpatory clause similar to those in *Conkey* and *Kolanda*. It states:

> No bailment is created expressly or implied hereby and Owner assumes no responsibility for any loss or damage to the contents stored in the leased space described herein. * * * Owner shall not be liable to occupant or to Occupant's employees, patrons, visitors or licensees for any damage to persons or property * * * due to the unit being or becoming out of repair, nor for any damages from the want of repair of any part of the building of which the unit i[s] a part. Occupant accepts the unit as suitable for the purpose for which leased and accepts the unit and each and every appurtenance thereof and waives patent and latent defects therein, accepts the premises "as is" and agrees to indemnify and hold Owner harmless for all claims for any such damage. Owner assumes no liability for any loss or damage incurred by Occupant; however, in the event Owner is found to be grossly negligent or intentionally at fault, the Owner's liability shall not exceed the sum of fifty and no/100 ($50.00) Dollars, which sum shall represent Occupant's liquidated damages. Owner shall not be liable for loss or damage resulting from failure, interruption or malfunction of utilities, appliances or fixtures, if any provided to Occupant under the terms of this Agreement.

(Contract at ¶ 2, attached as Ex. A to Appellee's Mot. for Summ. Jgmt.) This language is clear and unambiguous. The agreement contains an extraordinarily broad release of liability for damage to a lessor's property, including an express waiver of any implied warranties. Appellant has not argued that the contract provision is ambiguous or that the provision is unenforceable because it is unconscionable or constitutes an adhesion contract.

Despite the arguable unenforceability of the contract, the court cannot address an argument that was not raised. Appellant also has not argued or presented any evidence that appellee was grossly negligent or that appellee acted intentionally to cause damage. Plainly, appellant disclaimed any implied warranties or other responsibilities for loss or damage to her personal belongings that appellee might otherwise have owed to her when she signed the rental agreement. As such, we find that appellee is entitled to summary judgment on appellant's breach of contract claim, and we affirm the trial court's decision to grant summary judgment to appellee on appellant's breach of contract claim.

### B. Appellant's Negligence Claim is Time Barred

{¶ 19} Appellant also alleged in her complaint that appellee was negligent when it breached a duty of reasonable care owed to her.

{¶ 20} In general, a cause of action for negligence requires proof of (1) a duty, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984); *see also Cameron v. Univ. of Toledo*, 10th Dist. No. 16AP-834, 2018-Ohio-979, ¶ 37.

{¶ 21} Even where there is otherwise a valid claim for negligence, R.C. 2305.10(A) requires that claims for negligence be filed "within two years after the cause of action accrues." That statute further provides that "a cause of action accrues * * * when the injury or loss to person or property occurs." R.C. 2305.10(A).

{¶ 22} In her complaint and in her responses to discovery requests, appellant alleges and admits that she discovered the mold on August 10, or August 11, 2015. (*See* Compl. at ¶ 15; Appellant's response to Interrogatory 3, attached to Appellee's Mot. for Summ. Jgmt. at Ex. B; Appellant's response to Request for Admission No. 9, attached to Appellee's Mot. for Summ. Jgmt. at Ex. C.) As such, the evidence properly before the trial court was that, at the latest, the injury occurred on August 11, 2015. Appellant filed her complaint against appellee on September 2, 2017, more than two years after she found her belongings were moldy. Even if appellant did not discover the damage until somewhere near the end of August 2015, as she argues in her brief on appeal, she still filed her complaint too late. Because appellant did not file her claim within the two-year statute of limitations, her negligence claim is time barred.

{¶ 23} Because appellant's negligence claim is time barred, appellee is entitled to summary judgment on the negligence claim, and we affirm the trial court's decision as to this claim.

### C. Appellant's Conversion Claim Fails Because She Was Never Deprived of Her Property

{¶ 24} Appellant's final claim against appellee is for conversion. In her complaint, appellant alleges a claim for conversion is "the purposeful or knowing damage or destruction of property with a permanent loss in value or use." (Compl. at ¶ 45.)

{¶ 25} "Conversion 'is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.' " *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 15 (10th Dist.), quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 95 (1990). This claim has "three basic elements: (1) a defendant's exercise of dominion or control (2) over a plaintiff's property (3) in a manner inconsistent with the plaintiff's rights of ownership." *Id.*; *see also RFC Capital Corp. v. EarthLink, Inc.*, 10th Dist. No. 03AP-735, 2004-Ohio-7046, ¶ 61. "If a defendant comes into possession of property lawfully, a plaintiff must prove two additional elements: (1) that she demanded the return of the property after the defendant exercised dominion or control over the property, and (2) that the defendant refused to deliver the property to the plaintiff." *Jarupan* at ¶ 15.

{¶ 26} Appellant submitted responses to appellee's discovery requests. In those responses, appellant responded "ADMIT" to the following requests for admissions:

> Request for Admission No. 30: Admit that You were never prevented from accessing Your Personal Property by Defendant.
>
> Request for Admission No. 31: Admit that You never demanded from Defendant the return of Your Personal Property.
>
> Request for Admission No. 32: Admit that Defendant never refused Plaintiff's demand to retrieve her Personal Property from the Unit.

(*See* Requests for Admission attached to Appellee's Mot. for Summ. Jgmt. at Ex. C.) By these admissions, appellee has submitted evidence to the court to meet its burden under Civ.R. 56 to show that appellant cannot prove her claim for conversion. This evidence establishes that appellant herself admits that appellee never prevented her from accessing

her personal property or exercised dominion over the property in a manner that was inconsistent with appellant's rights of ownership.

{¶ 27} Appellee met its burden to demonstrate an absence of material fact on appellant's conversion claim. Appellant has failed to meet her reciprocal burden to show that an issue of material fact exists. Appellee is, therefore, entitled to summary judgment on appellant's conversion claim, and we affirm the trial court's decision as to this claim.

## IV. CONCLUSION

{¶ 28} As set forth above, appellant's claims against appellee for breach of contract, negligence, and conversion fail as a matter of law, and appellee is entitled to summary judgment on those claims. Appellant's breach of contract claim fails because the plain language of the contract disclaims any implied warranties. Appellant's negligence claim is time barred, having been filed beyond the two-year statute of limitations. And appellant's own admissions show that she cannot meet the elements to maintain a claim for conversion. Although the court is sympathetic to appellant's representations that her counsel wholly failed to represent her, including failing to respond to the motion for summary judgment or even inform her that the motion was filed, this court cannot consider such conduct in its analysis of the issues on appeal. *See generally, Swan v. Swan*, 10th Dist. No. 04AP-1089, 2005-Ohio-4636, ¶ 10. The trial court's judgment granting summary judgment to appellee on appellant's claims against it is affirmed.

*Judgment affirmed.*

KLATT, P.J., and DORRIAN, J., concur.

———————