[Cite as *State v. Maley*, 2013-Ohio-3452.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120599 |
| | | TRIAL NO. B-1200674 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| THURMELL MALEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 9, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} In one assignment of error, defendant-appellant Thurmell Maley challenges her conviction for felonious assault. She argues that the trial court erred when it allowed the victim to remain in the courtroom in spite of the fact that she had requested a separation of witnesses. We disagree. The Ohio Constitution, the Revised Code, and the Rules of Evidence allow a victim to be present during a criminal proceeding, and the trial court did not err when it allowed the victim to be present in this case.

### *Victim Allowed to Remain in Courtroom*

{¶2} At trial, Maley asked the trial court to issue an order to separate the witnesses. She argued that having both the investigating officer and the victim of the offense in the courtroom during the entire trial would be a violation of her constitutional right to a fair trial. She feared that the victim would be able to hear other testimony and tailor his version to the accounts presented to the trial court. The trial court issued a separation order as to all other witnesses, but allowed the victim to remain in the courtroom pursuant to R.C. 2930.09 and Evid.R. 615. The trial court determined that Maley had failed to show a fair trial required the exclusion of the victim. Maley was found guilty of felonious assault and sentenced to a four-year prison term.

### *Standard of Review*

{¶3} Maley asserts that the issue raised under her assignment of error is a question of law requiring a de novo review. But the decision to allow a victim to remain in the courtroom during a trial is left to the discretion of the trial court. *See State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, 836 N.E.3d 1173, ¶ 96. A trial court only

abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-58, 404 N.E.2d 144 (1980).

### The Victim's Right to be Present

**{¶4}** The Ohio Constitution was amended in 1994 to explicitly provide for the rights of victims of crimes. The relevant section reads:

> Victims of criminal offenses shall be accorded fairness, dignity, and respect in the criminal justice process, and, as the General Assembly shall define and provide by law, shall be accorded rights to reasonable and appropriate notice, information, *access*, and protection and to a *meaningful role* in the criminal justice process.

(Emphasis added.) Ohio Constitution, Article I, Section 10a. As part of the legislation designed to carry out the mandate in that amendment, the General Assembly enacted R.C. 2930.09, which provides:

> [a] victim in a case may be present whenever the defendant or alleged juvenile offender in the case is present during any stage of the case against the defendant or alleged juvenile offender that is conducted on the record, other than a grand jury proceeding, unless the court determines that exclusion of the victim is necessary to protect the defendant's or alleged juvenile offender's right to a fair trial * * *.

### General Claims of Possible Prejudice are Insufficient

**{¶5}** Maley argues that the trial court violated Evid.R. 615 in denying her motion for a separation of witnesses. But Evid.R. 615(B)(4) states that a victim of a charged offense may not be excluded to the extent that the victim's presence is authorized by statute. R.C. 2930.09 grants a victim the right to be present throughout the entirety of a court's proceedings, unless exclusion is required to ensure a fair trial.

{¶6}     In the present case, Maley moved for separation of witnesses. The trial court granted the request, but it allowed the victim to remain. Maley objected, arguing that allowing the victim to hear other witnesses' testimony would defeat the purpose of the separation of witnesses and would deny her right to a fair trial. The trial court overruled Maley's objection, finding that she had failed to show how the victim's presence would prejudice her.

{¶7}     Maley's argument below, and the argument made here, are nothing more than general assertions that having the victim present and able to hear testimony allowed for the possibility of an unfair trial. If this court were to hold that such an argument is sufficient to prevent the victim from attending court proceedings, it would render the statute meaningless. We hold that for a defendant to show that a victim's presence would result in an unfair trial, she must present particularized evidence that the victim's testimony will be so affected by the victim's presence during the testimony of other witnesses that her right to a fair trial would be violated. General assertions that it is possible are insufficient.

### Conclusion

{¶8}     Based on the record, the trial court did not abuse its discretion when it allowed the victim to remain in the courtroom. And Maley was not denied a fair trial as a result. Each witness, including the victim, was thoroughly cross-examined. Maley's argument that the victim "tailored" his testimony to what he heard from the police officers is negated by his cross-examination. Because Maley failed to prove that the trial court abused its discretion in allowing the victim to remain in the courtroom throughout the trial, we overrule her sole assignment of error.

**{¶9}** The judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.