[Cite as *Roote v. Hibernia Apts., L.L.C.*, 2020-Ohio-5401.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher Roote, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-680 |
| v. | : | (M.C. No. 2018CVI-31739) |
| Hibernia Apartments I, LLC, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 24, 2020

**On brief:** *Christopher Roote*, pro se.

**On brief:** *Willis Law Firm, LLC, William L. Willis, Jr., Dimitrios G. Hatzifotinos, Solomon J. Parini*, and *Michael K. Jameson*, for appellee Hibernia Apartments I, LLC.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Christopher Roote, appeals the September 20, 2019 judgment of the Franklin County Municipal Court which granted judgment in favor of defendant-appellee, Hibernia Apartments I, LLC, on both appellant's claim and appellee's counterclaim and third-party complaint. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This matter arises out of a landlord-tenant dispute. Appellant rented an apartment in Franklin County from appellee beginning in 2015 until he was evicted in 2017. On August 29, 2018, appellant filed a complaint in the trial court alleging appellee evicted him in a retaliatory manner. On October 17, 2018, appellee filed an answer, counterclaim, and third-party complaint. In their counterclaim and third-party complaint, appellee asserted a claim for breach of contract against appellant and third-party defendant, Kyle

Palmer. Specifically, appellee asserted it entered into a lease agreement with appellant and Palmer on October 26, 2016. Appellee contended appellant and Palmer breached the lease agreement by failing to make payments for rent, utilities, late fees, and damages to the apartment beyond normal wear and tear. Appellee sought damages in the amount of $2,203.96.

{¶ 3} The record reflects a trial was held before a magistrate who, on May 10, 2019, filed a decision granting judgment in favor of appellee on both appellant's complaint and appellee's counterclaim and third-party complaint. In the decision, the magistrate found appellee proved by a preponderance of the evidence that appellant owed appellee a total of $1,955.96 for unpaid rent, an unpaid water and sewer bill for the apartment, and damages to the apartment beyond ordinary wear and tear. The magistrate found appellant failed to prove appellee was liable for any amount as a result of the eviction action. The magistrate noted appellant fully contested the eviction in the trial court, but failed to timely appeal. The magistrate also found appellant failed to prove appellee prevented him from being able to rent other apartments because appellant rented another apartment after appellee evicted him.

{¶ 4} On May 15, 2019, the trial court filed a judgment entry adopting the magistrate's decision. On May 22, 2019, appellant filed a motion to vacate the judgment. On June 3, 2019, appellant filed an objection to the magistrate's decision. On September 20, 2019, the trial court filed an entry and order overruling appellant's objection to the magistrate's decision. The trial court granted judgment in favor of appellee on appellant's complaint, dismissed appellant's complaint, and granted judgment in favor of appellee on its counterclaim in the amount of $1,955.96 plus court costs and interest.

## II. Assignments of Error

{¶ 5} Appellant appeals and assigns the following eight assignments of error for our review:

> [I.] THE COURT ERRED IN ALLOWING THE APPELLEE TO PROCEED IN THIS ACTION WHICH IS IN VIOLATION OF REMEDIED R.C. 5321.05 VIOLATION, PRIOR TO DATE SPECIFIED IN R.C. 5321.11, AND THE CONDUCT THAT VIOLATED R.C. 5321.05 CANNOT BE THE BASIS OF AN EVICTION.

[II.] THE COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING APPELLE'S COUNTERCLAIM BASED ON AN EXPIRED LEASE.

[III.] THE COURT ERRED WHEN THE APPELLANT'S CLAIM FOR A RUG THAT WAS KEPT AT SET OUT IS OMITTED FROM THE MAGISTRATE'S DECISION.

[IV.] THE COURT ERRED AND ABUSED ITS DISCRETION WHEN THE MAGISTRATE'S DECISION OMITS TESTIMONY BY APPELLANT'S EXPERT WITNESS AND ANIMAL CONTROL OFFICER'S STATEMENT.

[V.] THE COURT ERRED AND ABUSED ITS DISCRETION WHEN MAGISTRATE'S DECISION AND JUDGE'S ENTRY AND ORDER LACKS REFERENCES TO EVIDENCE OR REFERENCES EXHIBITS INCORRECTLY AND OMITS OR CITES UNSUPPORTIVE REFERENCES.

[VI.] NEW MATERIAL EVIDENCE IS DISCOVERED ABOUT APPELLEE'S WITNESS CREDIBILITY AND WOULD MOST LIKELY CHANGE THE OUTCOME OF THE MAGISTRATE'S DECISION.

[VII.] THE COURT ERRED IN CALCULATING THE AWARD AMOUNTS FOR THE APPELLEE WITH INSUFFICIENT EVIDENCE OF EXPENSES.

[VIII.] THE COURT PLAIN ERRED AND FAILED TO RECOGNIZE APPELLEE MISAPPLIED FUNDS, AND NEW EVIDENCE DISCOVERED, THE APPELLEE SOLD THE ACCOUNT TO A THIRD PARTY COLLECTOR WHO ATTEMPTED TO COLLECT AS THE ACCOUNT IS IN LITIGATION.

## III. Analysis

{¶ 6} Before considering the merits of appellant's assignments of error, we must address the evidence presented to us in the record on appeal. Civ.R. 53 governs the procedures for matters which are referred to a magistrate. With regard to submitting objections to a magistrate's decision, Civ.R. 53(D)(3)(b)(iii) provides that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not

available." Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 7} Here, there is no evidence in the record that appellant supported his objection to the trial court with a transcript of the evidence submitted to the magistrate. Furthermore, the record does not show appellant argued or asserted prior to the trial court's ruling on the objection that a transcript was "not available" as is required by Civ.R. 53(D)(3)(b)(iii). *See JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 10, quoting *Gladden v. Grafton Corr. Inst.*, 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7 (noting that a " 'transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision' "). Because appellant failed to support his objection to the trial court with a transcript as required by Civ.R. 53(D)(3)(b)(iii), we are precluded by Civ.R. 53(D)(3)(b)(iv) from considering appellant's arguments on appeal except for a claim of plain error. *See Liggins* at ¶ 12; *Watson v. Slaughter*, 10th Dist. No. 13AP-7, 2013-Ohio-2782, ¶ 5. "In civil cases, the plain error doctrine is not favored and may only be applied in the extremely rare case involving exceptional circumstances such that the error, if left uncorrected, would challenge the fairness, integrity, or public reputation of the judicial process itself." *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 18AP-109, 2019-Ohio-5318, ¶ 25, citing *Bonds v. Hinkle*, 10th Dist. No. 18AP-606, 2019-Ohio-1016, ¶ 8.

{¶ 8} In addition to the limitations imposed by appellant's failure to comply with the requirements of Civ.R. 53, we are limited by appellant's failure to supply this court with a transcript of the proceedings. "The duty to provide a transcript for appellate review falls upon the appellant." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See* App.R. 9(B)(1). The appellant is responsible for providing the transcript because it is the appellant's burden to demonstrate error through reference to the record. *Runyon v. Nolan*, 10th Dist. No. 12AP-180, 2012-Ohio-5303, ¶ 8. "When portions of the transcript necessary

for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

{¶ 9}    With the foregoing limitations in mind, we turn to appellant's assignments of error.  In the present matter, appellant's assignments of error all involve questions of fact, the resolution of which depend on reference to the transcript of the proceedings before the magistrate.  Furthermore, some of appellant's assignments of error refer to newly discovered evidence, which by appellant's own admission was not part of the record below. In his first assignment of error, appellant contends the trial court erred because the eviction action was based on an expired condition to remedy a noise violation.  In his second assignment of error, appellant disputes appellee's contention that he owed rent and utilities after the termination of the lease.  In his third assignment of error, appellant asserts the magistrate's decision failed to address the cost of a rug appellee failed to return to appellant. In his fourth and fifth assignments of error, appellant asserts the trial court's decision failed to address specific evidence.  In his sixth and eighth assignments of error, appellant contends the trial court's judgment was in error on the basis of newly discovered evidence. In his seventh assignment of error, appellant asserts the trial court's calculation of damages was based on insufficient evidence and was against the manifest weight of the evidence.

{¶ 10} As previously discussed, appellant's failure to provide this court with a transcript of the relevant proceedings prevents us from fully reviewing the assigned errors due to their inherently fact dependent nature.  *See* App.R. 9(B)(4) ("If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion."). Therefore, we must presume the trial court proceedings were valid and overrule appellant's assignments of error.  *Watson* at ¶ 6; *Runyon* at ¶ 9; *Charlot v. Desinor*, 10th Dist. No. 12AP-76, 2012-Ohio-3921, ¶ 7.  On review of the limited record before us, and considering the presumption of validity, we cannot find there was any plain error in the trial court's proceedings.

{¶ 11} Furthermore, insofar as the evidence to which appellant points is new evidence that was not before the trial court at the time it rendered its judgment, we cannot

consider such evidence in resolving this appeal. *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 14. " 'Appellate review is limited to the record as it existed at the time the trial court rendered its judgment.' " *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14, quoting *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz* at ¶ 13. " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Franks* at ¶ 73, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Accordingly, we overrule appellant's eight assignments of error.

## IV. Conclusion

{¶ 12} Having overruled appellant's eight assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

———————————