[Cite as *Croce v. Ohio State Univ. Bd. of Trustees*, 2021-Ohio-2242.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Dr. Carlo M. Croce, :

      Plaintiff-Appellant, :

                                     No. 20AP-14

v. : (C.P.C. No. 18CV-10788)

Ohio State University, : (REGULAR CALENDAR)
Board of Trustees,

       :

      Defendant-Appellee.

       :

D E C I S I O N

Rendered on June 30, 2021

**On brief:** *Mowery Youell & Galeano, Ltd., Judith E. Galeano, Justin A. Morocco,* and *Mark C. Zronek,* for appellant. **Argued:** *Judith E. Galeano.*

**On brief:** *Carpenter Lipps and Leland, LLP, Michael H. Carpenter, Timothy R. Bricker, and Michael N. Beekhuizen,* for appellee. **Argued:** *Timothy R. Bricker.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Dr. Carlo M. Croce, appeals from the judgment of the Franklin County Court of Common Pleas granting defendant-appellee's motion for summary judgment. Appellee has filed a motion to dismiss this appeal on the grounds of mootness. For the reasons that follow, we dismiss the appeal as moot.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} As we are resolving this matter prior to reaching appellant's assignment of error our recitation of the facts will be brief.

{¶ 3} In 2004, the Ohio State University recruited appellant for several positions within the university. Relevant to the instant case, appellee appointed appellant as Chair for the Department of Molecular Virology, Immunology, and Medical Genetics at the Ohio State University College of Medicine ("Department Chair")[1] on July 9, 2004.

{¶ 4} Pursuant to Ohio Adm.Code 3335-3-35(A), once the president of the university, or his or her designee, nominate a chair or director for the position, appellee appoints the individual for a term of four years. Each chair or director is eligible for reappointment. As set forth in Ohio Adm.Code 3335-3-35(B):

> The president or his or her designee may remove a chair or director during a four-year term after consultation with the voting faculty and dean of the unit involved. The views of the faculty shall be given substantial weight in arriving at any decision to remove a chair or director from office.

{¶ 5} Appellant began his term as Department Chair effective October 1, 2004 through September 30, 2008. Consistent with Ohio Adm.Code 3335-3-35, appellant's initial term was for a period of four years. There is no dispute appellant was reappointed as Department Chair for a subsequent four-year term starting from October 1, 2008 through September 30, 2012. Appellant contends he was reappointed as Department Chair for a third and fourth term in 2012 and 2016, respectively.[2] Appellee argues that appellant was never formally reappointed and was the acting Department Chair during this period.

{¶ 6} On August 7, 2015, Dr. Robert Bornstein, Vice Dean for Academic Affairs, College of Medicine, emailed appellant inquiring whether he would like to be considered for a fourth term as Department Chair, which appellant responded in the affirmative. Ultimately, Dr. Christopher Ellison, Interim Dean of the Ohio State University College of Medicine, who was responsible for the reappointment review process, decided not to recommend appellant's reappointment as Department Chair. Appellant was never informed that he was not reappointed for the 2016 term and continued to serve as the Department Chair consistent with his initial appointment in 2004. In November 2018,

---

[1] The Department of Molecular Virology, Immunology, and Medical Genetics was later renamed the Department of Cancer Biology and Genetics within Ohio State University's College of Medicine.
[2] Roberta Houser, Human Resources Director, Office of Academic Affairs, stated at her deposition that there was a flood around 2012, when appellant was purportedly reappointed, which resulted in some files being destroyed. Houser was unable to determine whether any records relating to appellant were destroyed from the flood.

Dr. K. Craig Kent, Dean of the College of Medicine, informed appellant that he would no longer serve as Department Chair for the upcoming year and offered appellant the chance to resign from the position. When appellant refused, Kent removed appellant as Department Chair effective January 1, 2019.

{¶ 7} On December 31, 2018, appellant filed his complaint in the Franklin County Court of Common Pleas seeking declaratory judgment and injunctive relief alleging that appellee failed to follow the removal procedures set forth in Ohio Adm.Code 3335-3-35(B). Appellant sought injunctive relief enjoining appellee from removing him as Department Chair until appellee complies with Ohio Adm.Code 3335-5-04. On January 9, 2019, appellant filed a motion for a temporary restraining order and preliminary injunction. The case was referred to a magistrate pursuant to Civ.R. 53. On January 23, 2019, the magistrate denied appellant's request for a temporary restraining order. On March 5, 2019, appellant withdrew his motion for a temporary restraining order and preliminary injunction.

{¶ 8} On February 4, 2019, appellee filed a motion for summary judgment. Appellee argued the case should be dismissed as Ohio Adm.Code 3335-3-35(B) does not apply in this case since appellant was not serving a board-appointed four-year term and could be removed from the position at any time. On February 18, 2019, appellant filed a memorandum contra opposing appellee's motion and moving for additional time to file a supplemental memorandum after conducting discovery. On April 23, 2019, the trial court allowed appellant until June 28, 2019 to file a supplemental response. After an agreed order extended appellant's time to respond, appellee filed a supplemental memorandum in opposition on July 12, 2019. Appellant argued appellee's motion should be denied as there was a genuine issue of material fact whether he was reappointed to a four-year term and whether appellee failed to comply with Ohio Adm.Code 3335-3-35. A reply brief was filed on August 2, 2019.

{¶ 9} On December 16, 2019, the trial court filed a decision and entry granting appellee's motion for summary judgment finding that there was no dispute of material fact that appellant was not reappointed to a four-year term as Department Chair in 2016. Appellant filed a timely appeal on January 6, 2020.

{¶ 10} On October 2, 2020, appellee filed a motion to dismiss the appeal because the term at issue had expired and the case was now moot. On October 12, 2020, appellee

filed a memorandum in opposition arguing that the case met both exceptions to the mootness doctrine. A reply brief was filed October 19, 2020.

{¶ 11} On October 29, 2020, appellant filed a motion for leave to file instanter a sur-reply arguing that appellee made a misstatement of fact in its reply brief in support of its motion to dismiss, and appellant should be allowed to file a sur-reply "to correct any misconception the Court may have with respect to the basis for his Court of Claims action and his intent to file it." (Oct. 29, 2020 Appellant's Mot. for Leave at 3.) Appellee filed a memorandum in opposition on November 9, 2020.

## II. ASSIGNMENT OF ERROR

{¶ 12} Appellant assigns the following as trial court error:

> THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE OHIO STATE UNIVERSITY BOARD OF TRUSTEES ON THE BASIS THAT DR. CROCE'S POSITION AS DEPARTMENT CHAIR WAS AT-WILL AND COULD BE TERMINATED WITHOUT FOLLOWING THE PROCEDURE SET FORTH IN OHIO ADM. CODE § 3335-3-35(B).

## III. LEGAL ANALYSIS

{¶ 13} Before we address appellant's sole assignment of error, we must first resolve the outstanding motions. Appellant filed a motion for leave to file instanter a sur-reply to appellee's reply brief in response to its motion to dismiss arguing that he did not anticipate appellee stating he suffered no monetary harm and asked to supplement his brief with information regarding appellant's monetary damages that resulted from his removal as Department Chair. Appellant provided as exhibits a copy of the proposed sur-reply, an affidavit[3], and a copy of a complaint in the Court of Claims.

{¶ 14} After careful review of the record, we deny appellant's motion for leave to file instanter a sur-reply to appellee's motion to dismiss. Our review is confined to the record as it existed at the time the trial court rendered judgment. *Hughes v. Hughes*, 10th Dist. No. 19AP-865, 2020-Ohio-5026, ¶ 20, citing *Leiby v. Univ. of Akron,* 10th Dist. No. 05AP-1281, 2006-Ohio-2831, ¶ 7. Here, appellant attempts to supplement the record with a new

---

[3] The affidavit submitted by appellant was "[s]worn to and subscribed" in the presence of the notary public on "the 28th day of October." While no year was provided in the affidavit, appellant has asserted damages from 2020. As such, the only logical conclusion is that this affidavit was written after the trial court ruled on appellee's motion for summary judgment.

affidavit and copy of his complaint filed in the Ohio Court of Claims. These exhibits are outside the record and cannot be considered. Moreover, even if we were to take into consideration appellant's complaint in the Court of Claims, it would have no bearing in our resolution of this case as appellant's requested remedy is limited to declaratory judgment and injunctive relief. Accordingly, we deny appellant's motion for leave to file instanter a sur-reply and will disregard it in our consideration of this case.

{¶ 15} Next, appellee argues that appellant's appeal should be dismissed as the dispute is now moot. We agree.

{¶ 16} As a general matter, this court will not resolve issues that are deemed moot. " 'The doctrine of mootness is rooted in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' " *Bradley v. Ohio Dept. of Job and Family Svcs.* 10th Dist. No. 10AP-567, 2011-Ohio-1388, ¶ 11, quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (1991). It is well-established law in Ohio that a court does not have jurisdiction over a moot question. *Id.* An action is deemed moot when "they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." (Internal quotations omitted.) *Doran v. Heartland Bank,* 10th Dist. No. 16AP-586, 2018-Ohio-1811, ¶ 12. " 'It is not the duty of a court to decide purely academic or abstract questions.' " *Id.* at ¶ 13, quoting *Keller* at 791. When an appeal is deemed moot, the moving party is entitled to dismissal as a matter of right. *Id.*, citing *Lund v. Portsmouth Local Air Agency*, 10th Dist. No. 14AP-60, 2014-Ohio-2741, ¶ 6, citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953).

{¶ 17} In the case sub judice, appellant sought declaratory and injunctive relief regarding his removal as the Department Chair, a four-year term starting from October 2016 through September 2020. Appellant has not alleged that he is entitled to a subsequent four-year term. According the complaint, appellant sought to enjoin appellee from removing him as Department Chair until appellee complies with Ohio Adm.Code 3335-5-04. Even construing the facts in favor of appellant, the 2016 term expired on

October 1, 2020. As there is no longer any genuine controversy regarding whether appellee should be enjoined from removing appellant as Department Chair the matter is moot.[4]

{¶ 18} Appellant argues even if the case is moot, this court should consider the legal issues in this case as both exceptions to the mootness doctrine are applicable. We disagree.

{¶ 19} The Supreme Court of Ohio has acknowledged two exceptions to the mootness doctrine. First, a reviewing court may address a case that is moot if the issue or topic is capable of repetition yet evading review. *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989). The "capable of repetition, yet evading review" exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000), citing *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998).

{¶ 20} The second recognized exception is if the case "involves a matter of public or great general interest." *Huffer* at 14, citing *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28 (1987). The application of this exception is only used with caution and on rare occasions. *Rithy Props v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 24, citing *In re L.W.*, 10th Dist. No. 05AP-317, 2006-Ohio-644, ¶ 12. "Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Rithy Props* at ¶ 24, citing *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 83.

{¶ 21} Appellant relies heavily on *Huffer* in his analysis. A brief review is instructive.

{¶ 22} In *Huffer*, a high school student was suspended from school for appearing "under the influence" of alcohol at wrestling practice. The board of education affirmed the suspension and the case was appealed to the Pickaway County Court of Common Pleas. The trial court reversed the board of education's order suspending the student finding the policy was unreasonable and overly broad. The appellate court affirmed the trial court's decision

---

[4] We note that today's decision takes no position regarding the potential merits of appellant's appeal or applicability of the doctrine of res judicata on any collateral case in the Ohio Court of Claims.

on the same grounds. The Supreme Court of Ohio granted the board's petition to hear the matter. Before addressing the merits of the case, the *Huffer* court first considered whether the matter was moot as the student had graduated from high school. The court determined that both exceptions to the mootness doctrine applied as the issue was capable of repetition yet evading review since a student that challenges a school board's rules will often graduate before the case makes its way through the court system. The *Huffer* court also concluded that the authority of a local school board to make rules is a matter of "great general interest." *Huffer* at 14.

{¶ 23} Here, appellant argues that this case is not moot as the matter is capable of repetition yet evade review. As set forth previously, while this is a recognized exception to the mootness doctrine, it is not applicable in the instant case. First, the challenged action was not too short in duration to be fully litigated. Appellant filed his complaint in December 2018. After his motion for a temporary restraining order was denied, appellant withdrew his motion for a preliminary injunction. The case then proceeded on a regular schedule until the trial court filed a decision and entry granting appellee's motion for summary judgment on December 16, 2019. Appellant could have sought available remedies to expedite the process such as requesting a stay or expedited briefing based on the facts of the case. We also find the second element is not met as the complaining party, appellant, is unlikely to again to be personally subject of the removal proceedings under Ohio Adm.Code 3335-3-35. Unlike the petition in *Huffer*, appellant is a tenured professor removed from his position as Department Chair. This is a far more unique set of facts than a high school student appealing a suspension. Even considering this element more broadly, the removal of another department chair under these particular facts seems speculative. To meet the "capable of repetition, yet evading review" exception "there must be more than a theoretical possibility that the action will arise again. There must exist a ' "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.' " *James A. Keller v. Flaherty* at 792, quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), citing *Weinstein v. Bradford*, 423 U.S. 147 (1975). Here, a probability of repetition of these issues has not been sufficiently demonstrated to this court. As such, we find appellant does not meet the first exception to the mootness doctrine.

{¶ 24} We are also unpersuaded that this case is of such public importance that we should disregard our lack of jurisdiction. While certain public employees are subject to removal proceedings under Ohio Adm.Code 3335-3-35, the use of this exception is generally reserved for matters of more substantial impact on our society. While we do not minimize the importance of this case to appellant, the scope of the issues presented for appeal are far too limited to qualify under this exception. Moreover, the invocation of matter of public or great general interest exception generally remains in the sphere of the highest court in the state, rather than an intermediate appellate court such as this one. *Rithy Props* at ¶ 24, citing *Althof* at ¶ 83.

{¶ 25} Accordingly, since this case is moot, we must dismiss the appeal for lack of jurisdiction.

## IV.  CONCLUSION

{¶ 26} For the foregoing reasons, we deny appellant's motion for leave to file instanter a sur-reply to appellee's motion to dismiss, and we grant appellee's motion to dismiss as moot. Appellant's appeal is dismissed.

*Motion for leave to file instanter a sur-reply denied;*
*Motion to dismiss granted; appeal dismissed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____