[Cite as *Grandview Hts. v. B.S.H.*, 2023-Ohio-940.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Grandview Heights, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 22AP-207<br>(M.C. No. 2021 CRB 013747) |
| [B.S.H.], | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee, | : | |
| [K.H., | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on March 23, 2023

**On brief:** *B.S.H.*, pro se.

**On brief:** *Elizabeth A. Well*, Ohio Crime Victim Justice Center, for appellant. **Argued:** *Elizabeth A. Well.*

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Victim-appellant, K.H., appeals from a judgment of the Franklin County Municipal Court denying her motion to be present at the trial of defendant-appellee, B.S.H. For the reasons that follow, we dismiss the appeal as moot.

**I. Facts & Procedural History**

{¶ 2} On September 3, 2021, the City of Grandview Heights ("Grandview Heights") charged B.S.H. with one count of criminal damaging in violation of Grandview Heights Ordinance ("G.H.O.") 541.03(a), a misdemeanor of the second degree. The criminal complaint alleged that, on September 3, 2021, B.S.H. purposefully maneuvered her vehicle to hit K.H.'s parked vehicle. B.S.H. requested a jury trial and Grandview Heights

transferred the case to the Franklin County Municipal Court. The court set the jury trial for February 28, 2022.

{¶ 3} On February 25, 2022, K.H. filed a motion asking the court to enforce her right to be present and heard during all court proceedings involving B.S.H. K.H. asserted that, as the victim of the charged offense, Ohio Constitution, Article I, Section 10a, R.C. 2930.09, and Evid.R. 615 provided her the right to be present throughout B.S.H.'s trial.

{¶ 4} On February 28, 2022, B.S.H. waived her right to a jury trial and the case proceeded to a bench trial. Immediately before trial, the court held a hearing on K.H.'s motion. B.S.H.'s attorney argued that K.H.'s presence would deprive B.S.H. of a fair trial, because there was "limited evidence" and the "State's case hinge[d] on [K.H.]." (Tr. at 7.) The court noted the case involved "[a]n ongoing neighbor dispute" between K.H. and B.S.H. and that K.H.'s testimony would likely be "tainted" if she heard the other witness's testimony. (Tr. at 6.) As such, the court concluded that K.H.'s presence throughout trial would deprive B.S.H. of a fair trial and denied K.H.'s motion. (Tr. at 7.)

{¶ 5} On March 1, 2022, the court issued a decision and entry finding B.S.H. not guilty of the criminal damaging charge and dismissed the case.[1] On March 2, 2022, K.H. moved the court to issue an entry reflecting the court's pre-trial ruling on K.H.'s February 25, 2022 motion. The court issued an entry on March 29, 2022, denying K.H.'s motion to be present at trial for the reasons stated by the court at the February 28, 2022 hearing.

## II. Assignment of Error

{¶ 6} K.H. appeals, presenting the following assignment of error for our review:

> The trial court erred in its March 29, 2022 Entry by denying Victim-Appellant K.H.'s constitutional and statutory right to be present at trial.

---

[1] K.H. states that Grandview Heights also charged B.S.H. with one count of hit-skip in violation of G.H.O. 335.13, a misdemeanor of the first degree, and one count of reckless operation of a motor vehicle in violation of G.H.O. 333.02, a misdemeanor of the fourth degree. K.H. further states that the trial court found B.S.H. guilty of reckless operation and acquitted B.S.H. of the hit-skip and criminal damaging charges. The record before this court, however, concerns only the criminal damaging charge. The record does not reference any other charges or contain a transcript of the February 28, 2022 trial. As the appellant, K.H. bore "the burden of providing the record for appellate review." *Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887, ¶ 56, citing App.R. 9. *Accord Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988); *Roote v. Hibernia Apts. I, L.L.C.*, 10th Dist. No. 19AP-680, 2020-Ohio-5401, ¶ 8. Regardless, because our analysis of K.H.'s appeal remains the same even if we consider only the criminal damaging charge, K.H.'s failure to produce the record pertaining to the other alleged charges is harmless.

### III. Legal Analysis

{¶ 7} K.H.'s sole assignment of error asserts the trial court violated the Ohio Constitution, R.C. 2930.09, and Evid.R. 615 by denying her request to be present throughout B.S.H.'s trial. Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law, establishes broad rights for victims of crime. Marsy's Law "secure[s] for victims justice and due process throughout the criminal and juvenile justice systems." Ohio Constitution, Article I, Section 10a(A). Among other enumerated rights, Marsy's Law provides crime victims the right, "upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings." Ohio Constitution, Article I, Section 10a(A)(2).

{¶ 8} In any proceeding involving a criminal offense against a victim, the victim "may assert the rights enumerated in [Section 10a] and any other right afforded to the victim by law." Ohio Constitution, Article I, Section 10a(B). "If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition." *Id.* The term "petition" in Section 10a(B) "is broad enough to encompass a direct appeal." *State v. Brasher*, ___ Ohio St.3d ___, 2022-Ohio-4703, ¶ 21. *See State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, ¶ 41 (finding the term "petition" in Section 10a(B) "broad enough to encompass an original action *or* appellate review") (Emphasis sic.); *State v. Beach*, 10th Dist. No. 20AP-589, 2021-Ohio-4497, ¶ 14.

{¶ 9} While Marsy's Law incorporates the victim's right to be present at trial into the Ohio Constitution, "the notion that a victim may remain present during the trial proceedings is not new." *Cleveland v. Alrefaei*, 8th Dist. No. 107985, 2020-Ohio-5009, ¶ 57. The version of R.C. 2930.09 that was in effect throughout the present case provided a victim the right to "be present whenever the defendant [was] present during any stage of the case against the defendant," unless the court "determine[d] that exclusion of the victim [was] necessary to protect the defendant's * * * right to a fair trial." *Id.* at ¶ 59. *See State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 96 (stating that R.C. 2930.09 "clearly [gave] the trial court discretion to make the determination whether the victim's presence [would] prejudice the defendant"). While Evid.R. 615 directs a trial court to "order witnesses excluded so that they cannot hear the testimony of other witnesses," the court may not

exclude an alleged victim of a charged offense in a criminal proceeding "to the extent that the alleged victim's presence is authorized by statute enacted by the General Assembly or by the Ohio Constitution." Evid.R. 615(A) and (B)(4).

{¶ 10} K.H. contends B.S.H. failed to present, and the trial court failed to find, particularized evidence demonstrating that K.H.'s presence at trial would deprive B.S.H. of a fair trial. *See State v. McConnaughey*, 1st Dist. No. C-200273, 2021-Ohio-3320, ¶ 29, quoting *State v. Maley*, 1st Dist. No. C-120599, 2013-Ohio-3452, ¶ 7 (" '[F]or a defendant to show that a victim's presence would result in an unfair trial, [the defendant] must present particularized evidence that the victim's testimony will be so affected by the victim's presence during the testimony of the other witnesses that [the defendant's] right to a fair trial would be violated.' "); *Alrefaei* at ¶ 60. However, even if we found the trial court erred by denying K.H.'s request to be present at trial, there is no remedy we could provide K.H. As noted above, after the hearing on K.H.'s motion, the case proceeded to a bench trial and the court acquitted B.S.H. of the criminal damaging charge. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, protect a defendant from being twice put in jeopardy for the same offense. *See In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, ¶ 8. Thus, the Double Jeopardy Clause protects against " 'a second prosecution for the same offense after conviction'; as well, '[i]t protects against a second prosecution for the same offense after acquittal.' " *Bravo-Fernandez v. United States*, 580 U.S. 5, 9 (2016), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). *Accord State v. Whiteside*, 10th Dist. No. 08AP-602, 2009-Ohio-1893, ¶ 15; *State v. Lovejoy*, 79 Ohio St.3d 440, 443 (1997), citing *Ashe v. Swenson*, 397 U.S. 436, 445-46 (1970) (stating that the Double Jeopardy Clause "protects a person who has been acquitted from having to run the gauntlet a second time").

{¶ 11} As the trial court acquitted B.S.H. of criminal damaging, the Double Jeopardy Clause protects B.S.H. from being tried again for the same offense. Therefore, since B.S.H. may not be tried again in K.H.'s presence, K.H.'s appeal of the court's decision denying her request to be present at B.S.H.'s trial is moot. *See Brasher* at ¶ 25 (stating that, "like most constitutional rights, [a victim's rights under Marsy's Law] can be forfeited if [they are] not invoked as necessary or required").

{¶ 12} As a general matter, courts will not resolve moot issues. *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.). " 'The doctrine of mootness is rooted in the

"case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' " *Bradley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-567, 2011-Ohio-1388, ¶ 11, quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). " 'Actions or opinions are described as "moot" when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' " *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist.1948). *Accord State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4, citing *L.W.* at ¶ 11. "It is well-established law in Ohio that a court does not have jurisdiction over a moot question." *Croce v. Ohio State Univ.*, 10th Dist. No. 20AP-14, 2021-Ohio-2242, ¶ 16, citing *Bradley* at ¶ 11. *Accord James A. Keller* at 791 (stating that "a court cannot entertain jurisdiction over a moot question"); *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 18 (noting the "well-settled precedent" that courts will "not indulge in advisory opinions").

{¶ 13} K.H. contends that, even if the present appeal is moot, this court should address her assignment of error because exceptions to the mootness doctrine apply to the case. The following exceptions to the mootness doctrine permit a court to address an otherwise moot case: (1) where the issue is capable of repetition, yet evades review; (2) where a debatable constitutional question remains to be resolved; or (3) where the case involves a matter of great public or general interest. *L.W.* at ¶ 12; *Kilbane Koch* at ¶ 13, 16. K.H. asserts that all three exceptions apply to the present case.

{¶ 14} The exception to mootness for issues that are capable of repetition but evade review "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000), citing *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998). The first prong of the test concerns cases that are rendered moot by "temporal situations." *Ashtabula Cty. Joint Vocational School v. O'Brien*, 11th Dist. No. 2004-A-0092, 2006-Ohio-1794, ¶ 32. *Accord James A. Keller* at 792. For instance, a trial court may rule "on the legality of an abortion, or a student's suspension from school, because, in the

case of an abortion, the pregnancy will be over by the time of appellate review"; and, in the case of a student's suspension from high school, the student may graduate " 'before the case winds its way through the court system.' " *Ashtabula Cty. Joint Vocational School* at ¶ 32, quoting *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989). *See also State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175 (1992) ("Courtroom closure cases often evade review, since a closure order usually expires before an appellate court can consider it."). The second prong of the test requires "more than a theoretical possibility that the action will arise again," as "[t]here must exist a ' "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.' " *James A. Keller* at 792, quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

{¶ 15} K.H. contends the first prong of the capable of repetition yet evading review test is satisfied in the present case because "[c]riminal cases, particularly misdemeanors, are short in duration." (Appellant's Brief at 28.) However, there is nothing in the record indicating that K.H. attempted to stay the proceedings following the court's adverse ruling on her motion to be present at trial in order to file an interlocutory appeal. *See Croce* at ¶ 23 (finding the "challenged action was not too short in duration to be fully litigated," as the appellant "could have sought available remedies to expedite the process such as requesting a stay or expedited briefing"); *TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. No. 08AP-108, 2008-Ohio-6824, ¶ 22 (noting the appellant would not be "precluded from obtaining review of these same issues" in the future, so "long as a timely stay of execution or injunction pending appeal [was] obtained"); *T&R Properties, Inc. v. Wimberly*, 10th Dist. No. 19AP-567, 2020-Ohio-4279, ¶ 11. Accordingly, the challenged action was not too short in duration to be fully litigated; rather, K.H. failed to take legal action to preserve the issue for review.

{¶ 16} K.H. asks that we not enforce the second prong of the capable of repetition yet evading review test because the Supreme Court of Ohio and this court have "not strictly interpreted the 'same complaining party' requirement." (Appellant's Brief at 28, 34.) *See Huffer* at 14. However, the Supreme Court recently upheld the same complaining party requirement, explaining that "[i]t is not enough for an issue to be capable of repetition between *some* parties; the issue must be capable of repetition between the 'same' parties." (Emphasis sic.) *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, ¶ 12. *See In re E.Y.*,

1st Dist. No. C-210548, 2022 Ohio App. LEXIS 2697 (Aug. 17, 2022) (stating that in *M.R.* the Supreme Court "affirmed that the 'same parties' rule strictly applies"); *Craig v. Gilchrist*, 10th Dist. No. 22AP-52, 2022-Ohio-4477, ¶ 10. K.H. essentially asks this court to disregard applicable law, which we decline to do. Moreover, K.H. fails to demonstrate a reasonable expectation that she will again be the victim of a crime perpetrated by B.S.H. and denied her request to be present at a future trial.[2] Accordingly, the present case does not satisfy the mootness exception for issues that are capable of repetition yet evade review.

{¶ 17} Although a case may be moot as to the parties, a court will have jurisdiction to entertain an appeal where "there still remains a debatable constitutional question for th[e] court to resolve." *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 31 (1987). *See Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, ¶ 15 (finding the appeal excepted from mootness because the case "present[ed] a properly debatable constitutional issue, i.e., whether Section 9, Article I of the Ohio Constitution, as amended, authorize[d] cash-only bail"); *CT Ohio Portsmouth, L.L.C. v. Ohio Dept. of Medicaid*, 10th Dist. No. 19AP-588, 2020-Ohio-5091, ¶ 22 (finding the mootness exception for "constitutional question[s]" applicable, as the trial court found the statute at issue "facially unconstitutional"); *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 38.

{¶ 18} K.H. alleges the present case involves debatable constitutional questions regarding "[w]hether a victim is entitled to enforcement of her constitutional right to be present, her rights to justice and due process, and the right to be treated with fairness and respect." (Appellant's Brief at 25.) However, the issue in the present appeal concerns whether the trial court erred by finding the ongoing neighbor dispute between K.H. and B.S.H., and the possibility that K.H.'s testimony would be tainted, sufficient grounds to deny K.H.'s motion to be present at trial. Thus, the case concerns the trial court's application of the facts of the case to applicable law, and does not involve a broader debate regarding victims' rights under Marsy's Law. Accordingly, the case does not present a debatable constitutional question for this court to resolve.

{¶ 19} The exception to mootness for matters of great public or general interest "is only used with caution and on rare occasions." *Croce*, 2021-Ohio-2242, at ¶ 20. "Generally,

---

[2] Although we find no support for this statement in the record, B.S.H. alleges in her brief that she "sold her home and moved in order to get away from [K.H.]" following the criminal proceedings in the present case. (Appellee's Brief at 5.) If true, K.H. and B.S.H. are no longer neighbors.

the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 24, citing *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 83. *See Huffer* at 14 (finding the "issue of the authority of local school boards to make rules and regulations * * * of 'great general interest' "); *James A. Keller* at 792 (noting the "legality of abortion" as an example of a "matter of great public interest," because a decision on such issue would "have substantial impact on our entire society").

{¶ 20} K.H. argues the trial court's decision implicates matters of great public interest because the case involves constitutional rights and "has the potential to impact all crime victims." (Appellant's Brief at 27.) As noted, however, because the trial court denied K.H.'s motion to be present based on factual findings specific to the case, a ruling on the merits of K.H.'s appeal would impact only the parties to this case, not all crime victims in Ohio. The present case therefore does not present a matter of great public or general interest.

{¶ 21} Based on the foregoing, we find the present appeal to be moot. Because the appeal is moot, we must dismiss the appeal for lack of jurisdiction. *See Croce* at ¶ 25 (dismissing the appeal for "lack of jurisdiction" because the case was moot); *Hussain v. Sheppard*, 10th Dist. No. 14AP-686, 2015-Ohio-657, ¶ 10 (dismissing the appeal as moot "sua sponte"); *M.R.* at ¶ 13.

## IV. Conclusion

{¶ 22} For the foregoing reasons, we sua sponte dismiss the appeal as moot.

*Appeal dismissed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

_____