[Cite as *Cleveland v. Wimbley*, 2025-Ohio-1178.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                          :

    Plaintiff-Appellee,              :

    v.                                       :          No. 113864

JOSEPH WIMBLEY,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; DISMISSED IN PART
**RELEASED AND JOURNALIZED:** April 3, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022-CRB-009667

---

***Appearances:***

Mark Griffin, Cleveland Director of Law, and William H. Armstrong, Jr., Assistant Law Director, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Joseph Wimbley ("Wimbley") appeals the sentencing of the Cleveland Municipal Housing Court. We find no error and thus

affirm the trial court's sentencing as to assignment of error No. 3. Assignments of error Nos. 1 and 2 are dismissed as moot.

## I. Facts and Procedural History

{¶ 2} On August 2, 2022, Cleveland Building and Housing Inspector Drazen Blazevic inspected a four-unit apartment building owned by Wimbley located at 15730 Mandalay Avenue, Cleveland, Ohio ("Mandalay property"). (Tr. 3.) Inspector Blazevic observed numerous violations of Cleveland's Building and Housing Codes and issued a violation notice to Wimbley. The notice ordered Wimbley to correct the violations by September 17, 2022. The Mandalay property was inspected again on October 4, 2022, and Inspector Blazevic found ongoing violations of Cleveland's Building and Housing Codes. At that time, plaintiff-appellee, the City of Cleveland ("City"), filed a complaint against Wimbley alleging violation of Cleveland Cod. Ord. 3103.25(e) and 367.99(a), a first-degree misdemeanor. Wimbley entered a no-contest plea on January 31, 2024, and was found guilty by the trial court.

{¶ 3} Sentencing was held on March 21, 2024. A housing court specialist presented a presentence investigation and reported that conditions at the Mandalay property remained unchanged. Wimbley was sentenced during the hearing as follows:

> I am placing you on two years of active community control. This is set to expire 3/21/26. The $1,000 fine is stayed but you are responsible for ongoing court costs and fees. The 180 days of jail time is stayed as long as you comply with the orders of the Court.

You are being ordered to immediately clean up the exterior of the property. All of that junk and debris is to be removed from the back of the property within 10 days.

. . .

You are being ordered to board up and secure the property until you are ready to begin abating this violation notice V22020413.

. . .

Board up the property in accordance to Cleveland Codified Ordinance and you will need a permit to board it up.

. . .

So board up and secure the property, immediate removal of all junk and debris within 10 days. . . So you need to obtain a renter registration. Maintain the Lead Safe Certification Exemption.

. . .

You're being ordered to abate, again, the violation notice V as in Victor 22020413. And you're being ordered to obtain the necessary permits to bring this property into compliance. You're ordered to do a Tier 3 maintenance and repair plan. . . .

Make sure that your property is sealed secured from anybody trespassing and that the grass and any shrubbery is maintained because you are being ordered to maintain the grass and shrubbery[.]

Maintain paying your property taxes regarding this property. There is a[n] oral order . . . to not give, sell, or transfer this property without permission of the court. And you are being ordered to maintain communication with Housing Specialist Butler.

. . .

Well, so, Specialist Butler, you're being ordered to allow her to come in to take pictures and to have a walk through with the interior.

(Tr. 10-15.)

{¶ 4} The trial court's sentencing entry reflects the following:

1. The jail term of 180 days is STAYED, provided Defendant complies with the Court's Orders.

2. The maximum potential fine of $1,000 is STAYED, provided Defendant complies with the Court's Orders.

3. Defendant is placed on active community control for two (2) years, set to expire on March 21, 2026.

4. Defendant is ordered to pay all ongoing court costs and Housing Court costs associated with this case.

5. Defendant is verbally ordered not to sell, give, or transfer any of the properties he owns within the City of Cleveland while on community control without approval of the Court. [SEE ATTACHED PROPERTY LIST]

6. Defendant is ordered to IMMEDIATELY clean and remove any junk and debris located on the exterior of the property at 15730 Mandalay Avenue, Cleveland, Ohio 44110 to be completed by April 1, 2024,

7. Defendant is ordered to obtain rental registration for all properties he owns within the City of Cleveland or apply for applicable rental registration exemptions. Defendant must submit copies of proof of all rental registrations or exemptions to Housing Court Specialist Ebony Butler prior to the next hearing date. [SEE ATTACHED PROPERTY LIST]

8. Defendant is ordered to comply with the City of Cleveland's Lead Safe Ordinance by obtaining a lead-safe certificate for all rental properties he owns within the City of Cleveland or apply for applicable lead-safe exemptions. Defendant must submit copies of proof of all lead-safe certificates, receipts of future testing, or exemptions to Housing Court Specialist Ebony Butler prior to the next hearing date. [SEE ATTACHED PROPERTY LIST] [SEE ATTACHED PROPERTY LIST]

9. Defendant is ordered to clean all of the properties owned within the City of Cleveland and keep them free from all junk, debris, and dumping. [SEE ATTACHED PROPERTY LIST]

10. Defendant is ordered to cut all grass and remove any shrubbery or overgrowth of shrubbery from any of the properties owned within the City of Cleveland. [SEE ATTACHED PROPERTY LIST]

11. Defendant is ordered to pay all outstanding property taxes OR provide copied proof of a tax payment plan for all the properties it [sic] owns within the City of Cleveland to Housing Court Specialist Ebony Butler prior to the next hearing date.

12. Defendant is ordered to properly board up and secure the property located at 15730 Mandalay Avenue, Cleveland, Ohio 44110.

13. Defendant is ordered to obtain the proper permits in order to bring the cited property located at 15730 Mandalay Avenue, Cleveland, Ohio 44110 into code compliance with the City of Cleveland, Department of Building and Housing.

14. Defendant is ordered to allow Housing Court Specialist Ebony Butler to take pictures of the interior of the cited property at 15730 Mandalay Avenue, Cleveland, Ohio 44110.

15. Defendant is ordered to abate and close out violation notice, V22020413 [ATTACHED] with an inspector from the City of Cleveland, Department of Building and Housing.

16. Defendant is ordered to submit a Tier III maintenance and repair plan to Housing Court Specialist Ebony Butler, on the 1st of every month, beginning on April 1, 2024. The maintenance and repair plan shall include dates when the property manager drives by owned properties to inspect so that no violation can occur, and when vacant properties are secured, when properties are scheduled for renovations, inspections, and/or sale, and attach permits, when pulled. [SEE ATTACHED PROPERTY LIST]

17. Defendant is ordered to remain in communication, providing all required documents and information timely to Housing Court Specialist Butler while under this Court's supervision.

(Journal Entry Mar. 25, 2024.)

{¶ 5} The property list attached to the sentencing entry includes only the Mandalay property.

{¶ 6} During the sentencing hearing, it was determined that Wimbley did not own any other property within the City. He stated his wife owns the home where

they both reside (the "Residence").  The trial court discussed the Residence during the sentencing hearing but did not make any orders associated with the Residence.  The sentencing entry also does not reflect any orders associated with the Residence.

## II. Law and Analysis

{¶ 7} Wimbley raises the following assignments of error for our review:

1.  The no-sale provision, as it relates to the non-subject property, is an improperly excessive condition of community control sanctions.

2.  The various community control conditions related to any property other than the subject property are all improperly excessive conditions of community control.

3.  The conditions of community control relating to the sale of any property and the maintenance of non-subject property were not imposed in open court and thus cannot be included in the journalized sentence.

## A. Assignments of Error Nos. 1 and 2

{¶ 8} In his first assignment of error, Wimbley argues that the trial court's prohibition on the sale of property other than the Mandalay property is an improperly excessive condition of community-control sanctions.  In his second assignment of error, he argues that the community-control conditions on any property other than the Mandalay property are improperly excessive conditions of community control.  Because the second assignment of error is inclusive of the first assignment of error, we will address them together.

{¶ 9} To begin, we note that Wimbley concedes that the trial court's community-control conditions, including the prohibition on the transfer of property, are reasonable as applied to the Mandalay property.  It appears he is

arguing the trial court's sentencing is excessive as it relates to the Residence and any property Wimbley might own in the future. The City asserts that the trial court's sentencing entry applies only to the Mandalay property.

{¶ 10} Courts will not resolve moot issues. *Amujiogu v. Oko*, 2022-Ohio-1323, ¶ 4 (8th Dist.), citing *In re A.G.*, 2014-Ohio-2597, ¶ 37; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). An issue is moot if it "'"'seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'"'" *State ex rel. Cincinnati Enquirer v. Hunter*, 2014-Ohio-5457, ¶ 4, quoting *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.), quoting *Grove City v. Clark*, 2002-Ohio-4549, ¶ 11 (10th Dist.), quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist. 1948). "It is well-established law in Ohio that a court does not have jurisdiction over a moot question." *Croce v. Ohio State Univ.*, 2021-Ohio-2242, ¶ 16 (10th Dist.), citing *Bradley v. Ohio State Dept. of Job & Family Servs.*, 2011-Ohio-1388, ¶ 11 (10th Dist.).

{¶ 11} After careful review of the record, we find the parties have no real dispute concerning the application of the trial court's sentencing orders related to properties other than the Mandalay property. Thus, assignments of error Nos. 1 and 2 pose no actual controversy. Moreover, Wimbley's first and second assignments of error are dismissed as moot.

## B. Assignment of Error No. 3

{¶ 12} In his third assignment of error, Wimbley argues that the sentence imposed by the sentencing entry differs from the sentence imposed during the sentencing hearing.

{¶ 13} "A defendant has a fundamental right to be present at all critical stages of his or her criminal trial." *State v. Anderson*, 2024-Ohio-843, ¶ 25 (8th Dist.), *see* U.S. Const., amend. V, VI, and XIV; Ohio Const., art. I, § 10; Crim.R. 43(A); *see also State v. Grate*, 2020-Ohio-5584. This right extends to the right to be present during the imposition of sentence. Crim.R. 43(A)(1). "A trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing." *State v. Vaughn*, 2016-Ohio-3320, ¶ 18 (8th Dist.).

{¶ 14} In this case, Wimbley argues the sentencing entry differs from the sentence imposed at the sentencing hearing. He also argues that during the hearing, the trial court specified the orders applied to "this property," meaning the Mandalay property. He further argues the sentencing entry stated it applied to "all properties" Wimbley owned within the City. A review of the record reveals that every order listed in the sentencing entry was also stated during the sentencing hearing. In addition, the trial court did specify "this property" during the sentencing hearing. However, the sentencing entry sections that refer to "all properties" limit the orders to properties included in the attached list and that list only includes the Mandalay property. Both the sentencing hearing and the sentencing entry clearly only apply to the Mandalay property.

{¶ 15} Although not verbatim, the trial court's sentence imposed at the sentencing hearing does not differ from the sentence imposed in the sentencing entry. Accordingly, Wimbley's third assignment of error is overruled.

### III. Conclusion

{¶ 16} Finding no error, we affirm the Cleveland Municipal Housing Court's sentencing as to assignment of error No. 3. Assignments of error Nos. 1 and 2 are dismissed as moot.

{¶ 17} Judgment affirmed in part and dismissed in part.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)